**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**

CHARLES FRANKLIN SCHULTZ
5288 Galley WY
Hutchinson Is.  FL 34949

                Plaintiff,

    vs.

SOUTHWEST RECOVERY SERVICES,
LLC
16200 Addison Road, Suite 260
Addison, TX 75001,
     **Serve on**:
Registered Agent Solutions, Inc.
1200 South Pine Island Road
Plantation, FL 33324

and

EXPERIAN INFORMATION
SOLUTIONS, INC.
505 City Parkway West
Orange County, CA 92668
       **Serve on**:
       C T Corporation System
       1200 South Pine Island Road
       Plantation, FL 33324

and

EQUIFAX INFORMATION SERVICES,
LLC
1550 Peachtree Street, NW
Atlanta, GA 30309
     **Serve on:**
Corporation Service Company

Case No.:

1201 Hays Street
Tallahassee, FL 32301-2525

Defendants.

## COMPLAINT AND DEMAND FOR A JURY TRIAL

COMES NOW Plaintiff, Charles Schultz, by and through undersigned counsel, Joseph S. Mack, of the Law Offices of Joseph S. Mack and Jeffrey Newsome, of Varnell & Warwick, PA, and files this Complaint against Defendants, Southwest Recovery Services, LLC ("SWRS"), Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Equifax"), and in support hereof states as follows:

## INTRODUCTION

1. Plaintiff is being falsely accused of owing a debt by Defendants – specifically, after moving out of an apartment, he is being double-charged what he owes under the lease, resulting in an alleged debt that is $4,722.25 more than it should be. Plaintiff disputed this objectively and readily verifiably false reporting on multiple occasions with Defendants Experian and Equifax, triggering a requirement under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 *et. seq.*, for Defendants to conduct reasonable investigations into whether Plaintiff owed the alleged debt, which they failed to do. Instead, they left the derogatory information on Plaintiff's credit reports to damage his credit

and financial reputation. This lawsuit follows as Plaintiff's only avenue to remove this false information from his credit reports and stop his ongoing damages.

## PARTIES

2. Plaintiff Charles Schultz is a Florida resident.

3. Defendant SWRS is a Texas limited liability company registered to do business in Florida. It is a furnisher as defined in the FCRA.

4. Defendant Experian is an Ohio corporation registered to do business in Florida.

5. Defendant Equifax is a Georgia limited liability company registered to do business in Florida.

6. Defendants Experian and Equifax are consumer reporting agencies under 15 U.S.C. §1681a(f).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter because the operative events in this Complaint took place in Hillsborough County, Florida and the Defendants regularly transact business in Florida.

8. Plaintiff brings claims against Defendants pursuant to the FCRA. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1343.

9. Venue is proper in this District under 28 U.S.C. § 1391(b).

## STATEMENTS OF FACT

10. Plaintiff entered a one-year lease (the "Lease") for 844 Normandy Trace Rd, Tampa, FL 33602 (the "Property") commencing December 30, 2022. Rent was $2,195.00 a month. The Lease is attached hereto as Exhibit 1.

11. The Lease includes an "Early Termination Addendum" reading:

> Tenant agrees, as provided in this addendum, to pay an amount equal to two times the monthly rental rate to Landlord as liquidated damages or an early termination fee, if Tenants elects to terminate the rental agreement, and Landlord waives the right to seek additional rent beyond the month in which the Landlord retakes possession.
>
> Tenant will still owe rent (as well as other charges due under the terms of the Lease or Florida law) until the end of the month in which the Tenant vacates.
>
> Tenant will not owe any future rent under the Lease with Choice 1.

12. Due to unforeseen financial difficulties, Plaintiff decided that he had to exercise his rights under the Lease to an early termination, and notified his landlord that he would be moving out at the end of July, 2023.

13. Plaintiff fully moved out of the Property by the end of July 2023, leaving the Property in good condition.

14. Plaintiff's former landlord initially hired a debt collector – Wakefield & Associates, LLC – which started reporting to the major national consumer reporting agencies - Defendants Experian and Equifax, as well as TransUnion LLC ("TransUnion" and, together with Defendants Experian and Equifax, the

4

"CRAs") - that Plaintiff owed $11,619, which included an $8,780 "early termination fee" in addition to rent for August and September of 2023 – after Plaintiff had moved out of the Property. On December 9, 2024, Plaintiff sent dispute letters to each of the CRAs explaining that he was being triple-charged a termination fee. In response to those December 9, 2024 dispute letters, the alleged debt was lowered to $7,229, but remained on his reports from the CRAs.

15.     In January of 2025, Plaintiff sent a new round of dispute letters to the CRAs, disputing the alleged debt and explaining that he was being double-charged because he was being charged both rent from after he left the Property and an early termination fee, in violation of the early termination addendum in the Lease.  In response to those dispute letters, the reporting from Wakefield & Associates, LLC was removed from his reports for all three of the CRAs.

16.     However, in December of 2025, Plaintiff was contacted by a new debt collector - Defendant SWRS – which started reporting to Defendants Experian and Equifax that Plaintiff owed $7,229 from his previous tenancy. TransUnion never started reporting the alleged debt from Defendant SWRS, and thus is not a defendant in this case.

17.     Plaintiff mailed dispute letters on or about March 14, 2026 to each of Defendants Experian and Equifax reading, in relevant part:

> I am writing to dispute the following information that appears
> on my [ ] consumer report:

5

There is an entry from "Southwest Recovery Servi" for Wright Davis Property Management for $7,229, account number [ ]. I do not owe this money. About a year ago, when Wakefield & Associates was reporting this same debt, I sent you a dispute letter about this issue and it was removed from my credit reports. Now it is back on with a different company reporting it, but I still don't owe.

I was a tenant of Wright Davis Property Management at 844 Normandy Trace. My lease says the following about an early termination:

"Tenant agrees, as provided in this addendum, to pay an amount equal to two times the monthly rental rate to Landlord as liquidated damages or an early termination fee, if Tenants elects to terminate the rental agreement, and Landlord waives the right to seek additional rent beyond the month in which the Landlord retakes possession

Tenant will still owe rent (as well as other charges due under the terms of the Lease or Florida law) until the end of the month in which the Tenant vacates.

Tenant will not owe any future rent under the Lease with Choice 1."

I have included that portion of the Lease with this letter.

On July 28, 2023 I provided Wright Davis Property Management with a Notice that I was going to be moving out by July 31, 2023, and received a confirmation e-mail that I've included with this letter. I turned in my keys and was fully out of the apartment by July 31, 2023.

My monthly rent was only $2,195, so the fee should have been $4,390. But Wright Davis Property Management is also saying I owe $4,390 for rent for August and September, after I had moved out. The lease says that I don't owe any future rent under the Lease after the month I vacate, which was July 2023.

6

> Wright Davis Property Management is also trying to charge me $332.25 in late fees for August rent which I didn't owe at all.
>
> Because the lease says I don't owe any rent after the month I vacate other than the 2 months early termination fee, the most that I would owe is $2,506.75, which is $7,229 minus $4,390 (the rent for August and September) and minus $332.25 (the late fee for August rent). I'll pay that amount if they stop saying I owe more than that. This incorrect reporting is hurting my credit and scaring me about what will happen when I go to apply for new places to live. Please remove it or adjust it down to $2,506.75.

Plaintiff attached the relevant portion of the Lease, as well as his Confirmation of his Notice to Vacate the Property showing his July 31, 2023 move-out date.

18. In accordance with their duty under the FCRA, each of Defendants Experian and Equifax sent Plaintiff's March 14, 2026 dispute letters to the furnisher of the disputed information, Defendant SWRS.

19. Defendants failed to conduct reasonable investigations into Plaintiff's March 14, 2026 dispute letters. It is readily and objectively verifiable that Plaintiff's Lease states that he is only liable for a two-month early termination fee, that he moved out in July of 2023 with notice to his landlord, and it is nevertheless being reported that he owes both the two-month early termination fee and rent for August and September and a late fee for August. As a result of the failure to conduct a reasonable investigation, the SWRS trade line continues to appear on consumer reports provided by Defendants Experian and

Equifax, Defendants continue to report a false delinquent debt, and that false reporting continues to place Plaintiff's reputation in a false light because others have access to the false information.

20. After Plaintiff experienced the decline in his credit standing, and realized Defendants were going to continue to report the false derogatory information about him this time even after he disputed the trade line, Plaintiff experienced bouts of emotional distress that included anxiety, frustration, knots in his stomach, and loss of sleep.

21. Since Plaintiff saw that his credit report had a false and inaccurate delinquency on it, he refrained from applying for credit for which he otherwise would have applied but for the false SWRS delinquency.

22. Further, on April 30, 2026, Plaintiff applied for an apartment where he wished to move, and his application was denied based on the SWRS delinquency in reports prepared by Defendants Experian and Equifax.

23. Other businesses have seen and continue to see the false information on Plaintiff's credit reports.

24. After Defendants' refusal to remove the false information from his reports, Plaintiff has been left with no other recourse than to file the instant lawsuit.

**COUNT ONE – Violation of the Fair Credit Reporting Act – Failure to Conduct Reasonable Investigations Under 15 U.S.C. § 1681s-2(b)**
**(Defendant SWRS)**

25.  Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as if fully set forth herein.

26.  The FCRA requires that a furnisher such as Defendant SWRS, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by that furnisher, conduct a reasonable investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the consumer reporting agency, and, if the investigation reveals that the information is incomplete, inaccurate or cannot be verified, to report those results to all other consumer reporting agencies to which the furnisher has provided the inaccurate information.

27.  Plaintiff disputed the false information regarding his alleged debt on the Property with Defendants Experian and Equifax through his March 14, 2026 dispute letters.

28.  Pursuant to the FCRA, Defendants Experian and Equifax each sent Plaintiff's March 14, 2026 disputes to the furnisher of the false information: Defendant SWRS.

29.     Even after Plaintiff's disputes, which explained why he did not owe the debt and provided supporting documentation, Defendant SWRS continued to report the inaccurate delinquency on Plaintiff's credit reports.

30.     Indeed, Defendant SWRS continues to report that Plaintiff owes to Defendants Experian and Equifax.

31.     15 U.S.C. § 1681s-2 prohibits furnishers from reporting inaccurate information, and sets forth the furnisher's duty to investigate the completeness and accuracy of the information reported when the furnisher receives a dispute from a consumer.

32.     After receiving notice by Defendants Experian and Equifax, as required by the FCRA, Defendant SWRS engaged in conduct that violates 15 U.S.C. § 1681s-2(b), by:

a.      Willfully failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.      Willfully failing to report the results of investigations to Defendants Experian and Equifax;

c.      Willfully failing to report an accurate status of the inaccurate information to Defendants Experian and Equifax;

d.      Willfully failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

e.      Willfully continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to Defendants Experian and Equifax; and

f.      Willfully failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

33.      In the alternative, the above-described violations were negligent.

34.      Defendant SWRS's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages, and harm to Plaintiff that are described above.

**COUNT TWO – Violation of the Fair Credit Reporting Act – Failure to Investigate**
**(Defendants Experian and Equifax)**

35.      Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as if fully set forth herein.

36.      The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a CRA is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed

information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

37. The FCRA further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer." *Id.*

38. Defendants Experian and Equifax failed to conduct reasonable reinvestigations of the inaccuracies that the Plaintiff disputed.

39. Defendants Experian and Equifax failed to review and consider all relevant information submitted by Plaintiff.

40. Defendants Experian and Equifax's failures to conduct reasonable reinvestigations were willful under the FCRA, as Defendants Experian and Equifax recklessly disregarded their obligations to conduct reasonable reinvestigations and consider the documentation provided by Plaintiff.

41. In the alternative, Defendants' failures were negligent.

42. As a direct and proximate result of the above-described violations of § 1681i of the FCRA, Plaintiff has sustained damages.

12

**COUNT THREE – Violation of the Fair Credit Reporting Act – Failure to Maintain Reasonable Procedures**
**(Defendants Experian and Equifax)**

43.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as if fully set forth herein.

44.    Despite receiving complaints and disputes from Plaintiff, Defendants Experian and Equifax failed to correct the disputed erroneous information.

45.    Defendants Experian and Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b). The basis of this allegation is the fact that Plaintiff gave Defendants Experian and Equifax proof that Defendant SWRS was reporting inaccurate information, yet Defendants Experian and Equifax continued to report the false debt.

46.    As a direct and proximate result of the above-described violations of § 1681e(b) of the FCRA, Plaintiff has sustained damages.

**CONCLUSION**

WHEREFORE, Plaintiff prays that this Court:

A) Find in favor of Plaintiff in counts 1–3;

B) Award an amount of actual damages for each claim to be determined by a jury;

C) Award punitive damages at an amount to be determined by a jury for willful violations of the FCRA against Defendants; and

13

D) Award attorney's fees and costs pursuant to the fee-shifting statutes in counts 1-3.

Respectfully Submitted,

/s/ Joseph Mack
Joseph S. Mack
The Law Offices of Joseph S. Mack
Florida Bar#: 1018630
joseph@macklawonline.com
Tel: (305) 767-2629
106 Pelican Rd.
Tavernier, FL 33070

**VARNELL & WARWICK, P.A.**

/s/ Jeffrey L. Newsome, II
Jeffrey L. Newsome, II: 1018667
400 N. Ashley Dr., Ste. 1900
Tampa, FL 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
jnewsome@vandwlaw.com
ckoerner@vandwlaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Joseph Mack
Joseph S. Mack

## <u>NOTICE OF LEAD COUNSEL DESIGNATION</u>

Pursuant to Local Rule 2.02(a), Joseph Mack, of the Law Offices of Joseph S. Mack, is designated as Plaintiff's lead counsel in this matter.

Respectfully Submitted,

/s/ Joseph Mack
Joseph S. Mack

15